UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN K. TOSCANO,

    Plaintiff,

v.

G. LEWIS, *et al.*,

    Defendants.

No. C-12-5893 EMC (pr)

**ORDER RE PLAINTIFF'S MOTIONS**

    Benjamin Toscano, an inmate currently at Corcoran State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court determined that the amended complaint stated several claims for relief and ordered service of process on 27 defendants in the April 16, 2013 Order of Service And Partial Dismissal. Service of process efforts are underway; defendants have a July 19, 2013 deadline to file a dispositive motion. Plaintiff has filed a multitude of motions, which are now before the Court for consideration.

    Plaintiff has filed a third and fourth motion for appointment of counsel. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, there are not exceptional circumstances requiring the

appointment of counsel. The third and fourth motions for appointment of counsel are **DENIED**. (Docket # 32 and # 35.)

Plaintiff has filed two motions to file a second amended complaint, but did not attach a proposed second amended complaint to either motion. Instead, he asked for permission to file a second amended complaint at some unstated date in the future after discovery is done and after he learns additional information. Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave [to amend] when justice so requires," but the Court cannot make that determination without seeing the proposed new pleading. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff['s] request . . . [T]he court had nothing upon which to exercise its discretion.") The motions to file a second amended complaint therefore are **DENIED**. (Docket # 30 and # 37.) When Plaintiff has a second amended complaint to file, he will need to submit that proposed second amended complaint with a motion to amend in which he explains why he should be permitted to file a second amended complaint. Unless and until he submits a proposed second amended complaint, a motion for leave to file a second amended complaint is premature and will not be granted.

Plaintiff has filed two motions to reinstate dismissed claims and defendants. The motions seek reconsideration of the Court's order dismissing claims that were based on the delayed disclosure of potentially favorable information to Plaintiff. Having reviewed Plaintiff's new argument, legal authorities, and the amended complaint, the Court concludes that its original ruling in the Order Of Service and Partial Dismissal was correct and will not be disturbed. The motions to reinstate dismissed claims and defendants are **DENIED**. (Docket # 31 and # 34.)[1]

---

[1] In his motion, Plaintiff urges that one or two of his parole hearings were unfair. *See* Docket # 5, pp. 5-6. A claim for the wrongful denial of parole cannot be pursued in this action. A challenge to the denial of a parole is a challenge to the fact or duration of the inmate's confinement and therefore must be asserted in a petition for writ of habeas corpus, rather than in a civil rights complaint. Plaintiff is cautioned that he must first exhaust state court remedies before filing any federal petition for writ of habeas corpus. He is further cautioned that, for purposes of federal habeas review, a California prisoner is entitled to only minimal procedural protections in connection with a parole suitability determination. *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied).

Plaintiff has filed a motion for an injunction to compel prison officials to stop harassing and retaliating against him, and to permit him to have physical access to the law library. Shortly thereafter he filed a motion for an order to compel prison officials to make photocopies for him. Plaintiff's motions are **DENIED**. (Docket # 22 and # 39.) He is seeking relief against non-parties at a new prison in another district where he is now housed. As this Court explained earlier when Plaintiff filed very similar motions against the same non-parties:

> Absent unusual and compelling circumstances not present here, federal courts generally are discouraged from interfering with day-to-day prison administration decisions. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution); *see generally Lewis v. Casey*, 518 U.S. 343, 354 (1996) (constitutional right of access to the courts is limited to the initiation of a court action; the state is not required to enable prisoners to litigate effectively once in court). An order giving plaintiff all of the property he requests would be particularly intrusive into prison operations because he is housed in the SHU, where prison officials by design greatly restrict inmates' privileges and property. Moreover, the relief is sought against nonparties. . . . If Mr. Toscano wishes to seek court relief for the deprivation of his property, he may file a civil action in the Kings County Superior Court or in the U.S. District Court for the Eastern District of California, as those are proper venues for claims about conditions at Corcoran State Prison.

Docket # 19, pp. 14-15.

Plaintiff has filed several discovery motions: a motion for order to produce documents (Docket # 36), a motion for an order compelling discovery (Docket # 42), a motion to produce documents (Docket # 43), a motion for order compelling discovery - 2nd request (Docket # 44), and a 3rd request motion for order to compel discovery (Docket #46). The motions reflect Plaintiff's misunderstanding of the discovery process, as a party may not obtain discovery by simply telling the Court what he wants to learn and asking the Court to force someone else to provide the information. The litigant must personally submit the requests to defense counsel or third parties in compliance with Federal Rule of Civil Procedure 26 -36, and deal directly with defense counsel or the third parties. The Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the Court. *See* Fed.

3

R. Civ. P. 5(d)(1) (listing discovery requests and responses that "must not" be filed with the Court until they are used in the proceeding or the Court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the Court to intervene in the discovery process. The Court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking Court intervention. *See* Fed. R. Civ. P. 37(a)(1); N. D. Cal. Local Rule 37. A plaintiff must engage in good faith efforts to meet-and-confer to try to resolve his discovery disputes before seeking an order compelling discovery. The problem with Plaintiff's discovery motions is that he has not followed the steps required of him by Federal Rules of Civil Procedure 26-27. The motions to produce documents are improper, as requests for production of documents should be served on defendants (or their counsel) and not on the Court. The motions to compel are improper in that, even if he properly had served requests for production on each defendant, Plaintiff did not take steps to attempt to resolve with defendants any disputes before seeking assistance from the Court. The denial of Plaintiff's motions is without prejudice to Plaintiff filing a motion to compel at some later date, but only after he has made discovery requests and has attempted to resolve any disagreements with opposing counsel before filing such a motion. Additionally, there are service of process problems with several defendants and it is quite possible that they never received any discovery requests. (For example, defendant Lewis could not be served with process because he reportedly had retired; there is no reason to believe that he received the discovery request that was sent to him at the same prison address at which service of process was attempted unsuccessfully.) Plaintiff's discovery requests are **DENIED**. (Docket # 36, # 42, # 43, # 44, and # 46.)

Several of Plaintiff's motions were duplicative. His third and fourth requests for counsel were almost identical, as were his motions to file an amended complaint. And several of his motions asked for the same relief the Court had already denied. For example, his third and fourth requests for counsel were made after the Court denied his first two requests for counsel. His motions seeking

4

an injunction and photocopies were made after the Court denied his first requests for an injunction and photocopies with directions to file a new action in the Eastern District if he wanted to complain about the conditions at Corcoran State Prison. Plaintiff either ignored or did not bother to read the Order of Service And Partial Dismissal, in which the Court explained why it denied Plaintiff's initial requests. Nothing is gained by making the same request multiple times, and repetitious presentation of the same requests wastes limited Court resources. Monetary and non-monetary sanctions can be imposed under Federal Rule of Civil Procedure 11 when a party presents a pleading, written motion or other filing for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. *See* Fed. R. Civ. Proc. 11. Plaintiff is now cautioned that he may be subjected to sanctions if he continues to file duplicative or repetitious requests for relief.

IT IS SO ORDERED.

Dated: July 17, 2013

_____
EDWARD M. CHEN
United States District Judge

5