1
2
3
4
5                      UNITED STATES DISTRICT COURT
6                     NORTHERN DISTRICT OF CALIFORNIA
7
8    BENJAMIN K. TOSCANO,                    No. C-12-5893 EMC (pr)
9              Plaintiff,
                                             **ORDER (1) DENYING PLAINTIFF'S**
10        v.                                 **RESUBMITTED MOTIONS AND (2)**
                                             **EXTENDING DEADLINES**
11   G. LEWIS, *et al.*,
12             Defendants.
     _____/
13
14
15        Shortly after the Court issued an order on July 17, 2013 denying Plaintiff's numerous
16   motions, Plaintiff resubmitted several of them.  The resubmitted motions are **DENIED** because they
17   duplicate motions as to which the court already has issued a ruling.  (Docket # 85.)  Specifically,
18   (a) the motion for reinstatement of claims and defendants is denied as duplicative of Docket # 31
19   and # 34; (b) the motion for appointment of counsel is denied as duplicative of Docket # 32 and
20   # 35; (c) the motion to file a second amended complaint is denied as duplicative of Docket # 30 and
21   # 37; (d) the motion for order to produce documents is denied as duplicative of Docket # 36; and
22   (e) the motion for an order compelling discovery is denied as duplicative of Docket # 42, # 44 and
23   # 46.
24        Plaintiff's motion for default against several defendants is **DENIED**.  (Docket # 85, p. 24-
25   25.)  Plaintiff provides no proof that any of the defendants against whom he requests entry of default
26   – defendants he does not bother to individually identify – was properly served with process in this
27   action.  Further, no defendant was in default because of the unusual provisions in 42 U.S.C. §
28   1997e(g)(1), which allows a defendant to "waive the right of reply" in a civil rights action filed by a

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   prisoner, provides that such a waiver is not an admission of the allegations in the complaint, and

2   disallows relief for the plaintiff unless a reply has been filed.  The "reply" referred to in § 1997e(g)

3   appears to be the answer to the complaint.  If a defendant may waive the right of reply, he would not

4   be in default for not filing one.

5          Defendants' request for extension of the deadline to file a dispositive motion is **GRANTED**.

6   (Docket # 48.)  The Court now sets these new deadlines for the dispositive motion:

7          1.      No later than **September 20, 2013**, Defendants must file and serve a motion

8   for summary judgment or other dispositive motion.  If Defendants are of the opinion that this case

9   cannot be resolved by summary judgment or other dispositive motion, Defendants must so inform

10  the Court prior to the date the motion is due.

11         2.      Plaintiff's opposition to the summary judgment or other dispositive motion

12  must be filed with the Court and served upon Defendants' counsel no later than **October 18, 2013**.

13         3.      Defendants' reply, if any must be filed no later than **November 1, 2013.**

14

15         IT IS SO ORDERED.

16

17  Dated:  August 2, 2013

18                                                    _____
                                                      EDWARD M. CHEN
19                                                    United States District Judge

20

21

22

23

24

25

26

27

28