UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN K. TOSCANO,

        Plaintiff,

    v.

G. LEWIS, *et al.*,

        Defendants.
_____/

No. C-12-5893 EMC (pr)

**ORDER RE MOTIONS**

In this *pro se* prisoner's civil rights action, Benjamin Toscano alleges that prison officials did not protect him from the dangers arising from the fact that he had been deemed "no good" by members of the Nuestra Familia and Northern Structure prison gangs, and after he informed on members of those gangs. Mr. Toscano claims that Defendants were deliberately indifferent to a serious risk to his safety in their housing decisions between March 2011 through his departure from Pelican Bay State Prison to another prison in January 2013, that some Defendants acted with a retaliatory intent in their decision-making, and that two Defendants used excessive force on him when he was being attacked by his cellmate. This matter is now before the Court for consideration of several motions from the parties.

A.    <u>Plaintiff's Motions</u>

Mr. Toscano's motion for "reconsideration for reassignment of judge" is DENIED. (Docket # 122.) The reassignment request was properly denied for the reasons stated at page 2 of the order filed March 3, 2014. Mr. Toscano's requests for an investigation of the undersigned are DENIED.

(Docket # 126, # 128, # 131.)  If he wants to file a complaint for judicial misconduct, Mr. Toscano can contact the Judicial Council of the Ninth Circuit.

Mr. Toscano has filed numerous motions related to discovery that show an inexplicable disregard for the Court's orders, the Federal Rules of Civil Procedure, and the Northern District Local Rules.  As the Court has repeatedly explained, (1) discovery requests and responses should not be filed with the Court and should be exchanged directly with opposing counsel, (2) if a discovery dispute arises, the parties must meet and confer to attempt to resolve it; and (3) a discovery motion should only be filed after the meet-and-confer process has been attempted and not succeeded. *See* Docket # 119 (March 3, 2014 order) at 3; Docket # 51 (July 17, 2013 order) at 3-4.  In the March 3, 2014 order, the Court also quoted at length the Federal Rules of Civil Procedure that governed interrogatories, requests for production of documents and things, and requests for admissions for Mr. Toscano's benefit.  *See* Docket # 119 at 4-7.  After explaining the requirements and quoting the rules in the March 3, 2014 order, the Court cautioned Mr. Toscano about his prospects for discovery:

> At this point, Mr. Toscano has two choices with regard to any further discovery.  He can continue to ignore the procedural requirements of the Federal Rules of Civil Procedure and the Northern District Local Rule 37, and probably obtain nothing from Defendants.  Alternatively, Mr. Toscano can comply with the Federal Rules of Civil Procedure in preparing and serving on defense counsel his discovery requests, and moving to compel *only* after he has (a) received an unsatisfactory response and (b) met and conferred with defense counsel to resolve any discovery disputes.  The first choice is a path to almost-certain failure; the second choice at least has the possibility of success.  Further, if Mr. Toscano does not comply with the discovery rules, the Court will not look favorably on any future request for an extension of a deadline to oppose a dispositive motion if that request is based on a claimed lack of discovery.

Docket # 119 at 7-8.  With this history in mind, the Court turns to the pending discovery motions.

///
///
///
///
///

Mr. Toscano's motion to produce documents (Docket # 118), "motion: written response and sanctions" (Docket # 127), and "motion for order to produce documents" (Docket # 130) are DENIED for the reasons explained in Docket # 119 at 3-4 and 7-8.[1]

Mr. Toscano's motion for sanctions against defense counsel (Docket # 142) is DENIED for the reasons explained in Docket # 119 at 3-4 and 7-8. The Court further notes that the motion makes little sense.

Mr. Toscano filed a motion concerning his deposition which he captioned as a "motion pleading 5th Amendment, reserving right to waiver to reply, pending production of documents and jury trial, health-medical issues." Docket # 123 (errors in source). To the extent he does not want to answer questions based on some fear of self-incrimination in a criminal case, he can invoke his Fifth Amendment rights, but should note that an adverse inference may be drawn *in a civil action* from the invocation of such rights. *See Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976); *cf. Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258 (9th Cir. 2000) (the adverse inference can only be drawn when independent evidence exists of the fact to which the party refuses to answer). The motion – insofar as it requests action from the Court – appears to request permission to refuse to answer until he receives certain documents and a jury trial. As so construed, the motion is DENIED. (Docket # 123.) A party does not have a right to avoid a deposition until after all other discovery is produced to him or until after the trial occurs. Mr. Toscano also mentioned that he had a cold or was otherwise ill at the time of the motion. If he is physically unable to be deposed, he should explain that to opposing counsel. A deponent's health concern on the day of a deposition is the kind of matter that should be worked out between the parties without the need for any Court involvement.

Mr. Toscano's request for the Deputy Attorney General to produce a copy of his deposition transcript is DENIED. (Docket # 133.) He has not shown a need for a court order to obtain the

---

[1] The Court is particularly troubled by a statement made by Mr. Toscano in a document filed less than a month after the Court's March 3, 2014 order that explained the need to meet and confer to try resolving discovery disputes before seeking relief from the Court. Mr. Toscano wrote: "Plaintiff does not need a meet and greet[.] All he needs is the documents requested." Docket # 127 at 1 (emphasis in source). Regardless of whether he thinks he needs to meet and confer, he *must* engage in good faith efforts to meet and confer regarding discovery disputes.

3

document. If he wants a copy, he should make such arrangements with the Deputy Attorney General or the court reporter.

Mr. Toscano's "motion to submit exhibits of pattern of defendants/PBSP officials falsifying statements and documents to avoid liability" is DENIED. (Docket # 146.) The motion does not request action from the Court, and there is no need to file exhibits just for the purpose of filing exhibits. The Court is not a document storage facility. Moreover, most of the documents appear to be about lost property claims unrelated to the complaint in this action. If Mr. Toscano wishes to complain about particular property deprivations, he can file new civil actions. He should note, however, that claims for random and unauthorized deprivations of property generally should be pursued in state court because such deprivations don't amount to due process violations for California inmates. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1993) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Claims about inadequate responses to inmate appeals also generally are not actionable under § 1983 as claims for due process violations because there is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Mr. Toscano's motion for the Court to subpoena a correctional officer and two inmates to come to the courthouse to explain the facts is DENIED. (Docket # 137.) The Court does not conduct investigations on behalf of litigants. A party must investigate his own case and can use the discovery tools mentioned in the Federal Rules of Civil Procedure as necessary to do so. If Mr. Toscano wants to obtain witness testimony for use in advance of any trial that might occur, he may conduct a deposition of one or more of those witnesses. *See* Fed. R. Civ. P. 30-31.

Mr. Toscano's motion for an order for an injunction to stop harassment and retaliation at Corcoran State Prison and to receive a youth offender parole hearing is DENIED. (Docket # 141.) The scope of this action is described in the first paragraph of this order and does not extend to all of the problems Mr. Toscano experiences during his imprisonment. If Mr. Toscano wants to seek relief for problems outside the scope of this action, he must file a new action. If he wishes to complain

about violations of his constitutional rights at Corcoran State Prison, he should file a new civil rights complaint in the Eastern District of California. If he wishes to pursue resentencing because he was a youth offender, he should comply with the applicable state procedures to pursue such relief. *See* Cal. Penal Code § 3051.

B.  Defendants' Motions

Defendants' motion for an extension of time to file their motion for summary judgment is GRANTED. (Docket # 143.) A new briefing schedule will be set in the final section of this order.

Defendants have filed a discovery letter brief requesting that the Court compel Mr. Toscano to produce documents. (Docket # 140.) That letter states that defense counsel served a request for production of documents on Mr. Toscano on April 7, 2014, Mr. Toscano did not produce documents, and Mr. Toscano refused to speak to defense counsel when she placed a telephone call to him on May 16, 2014 to attempt to meet and confer. (Defense counsel noted that defendants had produced over 400 pages of documents to Mr. Toscano in response to his discovery requests.) A briefing schedule will be set in the final section of this order so that Mr. Toscano has an opportunity to produce the documents or to oppose the request for an order compelling production of documents.

C.  Discovery Requests And Potential Sanctions

The parties have now had more than a year to engage in discovery. *See* Docket # 19 at 18. That is more than enough time for the parties to conduct discovery in this action. The failure to complete the discovery phase appears largely due to Mr. Toscano's stubborn refusal to follow the Court's orders and the Federal Rules of Civil Procedure.

Mr. Toscano is cautioned that the Court can impose monetary and non-monetary sanctions on a party who disobeys Court orders, files frivolous documents, and/or fails to cooperate in discovery. *See, e.g.,* Fed. R. Civ. P. 11, 37(d). The non-monetary sanctions that can be imposed on an offending party include the following: the party may be disallowed from presenting some or all documents at trial and in opposition to a summary judgment motion; the party may be disallowed from presenting testimony and declarations at trial and in opposition to a summary judgment motion; defendants as to whom the party refuses to provide discovery may be dismissed; and claims as to which the party refuses to provide discovery may be dismissed.

5

D.   Scheduling

　　　1.   Defense Discovery Motion:  No later than **July 7, 2014**, defense counsel must attempt to call Mr. Toscano once again to attempt to meet and confer about the defense request for production of documents mailed to him on April 7, 2014.  No later than **July 11**, defense counsel must file and serve a declaration reporting on the outcome of the meet-and-confer efforts.  No later than **July 11, 2014**, plaintiff must file his opposition, if any, to defendant's May 16, 2014 letter brief to the Court and any declaration he wishes to present to report on the outcome of the meet-and-confer efforts.   The Court will rule on the discovery dispute on the papers, and no oral hearing will be held on the matter.

　　　2.   Discovery Cut-Off Dates: All discovery must be completed no later than **August 15, 2014**.  All discovery motions must be filed no later than **August 25, 2014**.  No discovery motion may be filed unless it includes a declaration showing the moving party's efforts to meet and confer to resolve the discovery dispute that is the subject of the motion to compel.

　　　3.   New Dispositive Motion Briefing Schedule:

　　　　　a.   No later than **September 26, 2014**, Defendants must file and serve a motion for summary judgment or other dispositive motion.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, Defendants must so inform the Court prior to the date the motion is due.

　　　　　b.   Mr. Toscano's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants' counsel no later than **October 24, 2014**.  In preparing his opposition, Mr. Toscano is cautioned to read the warning regarding motions for summary judgment and to dismiss at pages 16-17 of the order of service and partial dismissal.

　　　　　c.   Defendants' reply, if any, must be filed no later than **November 7, 2014**.

　　　IT IS SO ORDERED.

Dated:  June 20, 2014

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　EDWARD M. CHEN
　　　　　　　　　　　　　　　　　　　　　United States District Judge