**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO, | No. C-12-5893 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER ON MISCELLANEOUS AND DISCOVERY MOTIONS; AND SCHEDULING ORDER** |
| G. D. LEWIS, *et al.*, | |
| Defendants. | |
| _____/ | |

This 22-month old *pro se* prisoner's civil rights action in which minimal progress toward resolution has been made is now before the Court for consideration of several motions from the parties.  Many of Mr. Toscano's motions are repetitive and many reflect a refusal to abide by the Federal Rules of Civil Procedure and the Court's earlier rulings.

A.     <u>Miscellaneous Motions</u>

Mr. Toscano's fifth and sixth motions for appointment of counsel are **DENIED**.  Docket # 160, # 168.  A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See id.*  Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1).  Exceptional circumstances requiring the appointment of counsel are not evident in this action.

**United States District Court**
For the Northern District of California

1    Mr. Toscano's motion to reinstate Defendants Serrano and Krisenheck is **DENIED**.  Docket

2   # 165.  The dismissal of these Defendants in the Order Of Service and Partial Dismissal was correct

3   and will not be disturbed.  This is the fifth motion to reinstate claims and/or Defendants, *see* Docket

4   #s 31, 34, 85, and 99, and no further motions to reinstate claims and/or Defendants will be

5   entertained.  If Mr. Toscano is dissatisfied with this Court's rulings, his recourse is to take an appeal

6   after a final judgment is entered if a final judgment is entered against him.

7    Mr. Toscano's "motion for immediate criminal and federal investigation and summary

8   judgment" is **DENIED**.  Docket # 166.  As the Court explained previously (*see* Docket # 159 at 4),

9   the Court does not do investigations or discovery on behalf of litigants.  The Court also does not

10   direct the FBI or any state law enforcement to investigate or prosecute any particular case.  The

11   motion shows no entitlement to summary judgment.

12   B.    Discovery Motions

13    1.    Defendants' Discovery Motion

14    Defendants took Mr. Toscano's deposition on March 20, 2014 and followed up by serving a

15   request for production of documents on April 7, 2014.  *See* Docket # 140, # 140-1.  The request for

16   production of documents had ten requests and sought documents that, according to defense counsel,

17   Mr. Toscano had expressly stated that he had in his possession during his deposition.  Docket # 140

18   at 1.  Mr. Toscano did not respond to the request for production of documents.  Defense counsel

19   tried to call Mr. Toscano on May 16, 2014 to discuss the document production request, but Mr.

20   Toscano refused to speak to defense counsel.  Docket # 140.  Defense counsel also reportedly sent

21   two letters to Mr. Toscano addressing the defense document production request, as well as

22   Defendants' document production request, but Mr. Toscano did not respond to those letters.  *Id.* at 1.

23    Defendants have filed a letter brief in which they request that the Court order Mr. Toscano to

24   provide the documents to the litigation coordinator at his current prison so that they may be copied

25   and provided to defense counsel.  *Id.* at 2.  They also ask the Court to warn Mr. Toscano of sanctions

26   that could be imposed for failure to comply with discovery.  *Id.*

27    Mr. Toscano has filed a reply to the letter brief in which he makes several points.  He

28   contends that the deposition transcript "was in question" due to the stenographer "being so tired,

2

**United States District Court**

For the Northern District of California

yawning, reaching for things, writing notes, asking for breaks and not accurately documenting (typing) everything." Docket # 150 at 1. Mr. Toscano does not state that he has seen any particular error in the transcript and offers no evidence that he knows how a stenographer or a stenograph machine works; his argument that the deposition transcript is "in question" is pure speculation and is not grounds to refuse to provide discovery. Mr. Toscano also urges that defense counsel can simply ask the warden for some of the information. That another person might have useful information does not excuse his duty to provide the documents requested to be produced. Mr. Toscano states that he "has *no* notes. They were confiscated/disposed of by Corcoran officials when they disposed of plaintiff's property back in Feb. 2013." Docket # 150 at 1. This statement is questionable because, according to defense counsel, Mr. Toscano reported in his March 2014 deposition that he had the documents in his possession. Mr. Toscano also urges: "The documents requested by defendants, plaintiff already filed (sic) to them and the court on 5-13-14 in his motion for sanctions." Docket # 150 at 1. (The motion for sanctions was filed as Docket # 142, and consists of 115 pages, including the proof of service.) If Mr. Toscano filed and served on Defendants *all* the responsive documents, there is nothing left for him to produce that is responsive to the request for production of documents. However, he still must provide a written response to the request for production of documents, and can state therein which documents he has produced via filing in Docket # 142, and which documents he cannot produce because he never had them or does not now have them.

The Court ordered the parties to further meet-and-confer. *See* Docket # 159 at 6. Thereafter, defense counsel provided a declaration (Docket # 170), and Mr. Toscano file a reply brief (Docket # 172), which the Court has reviewed.

Defendants' request for an order compelling a discovery response is **GRANTED**. Docket # 140. No later than **September 26, 2014**, Mr. Toscano must serve on defense counsel a written response to Defendant Lewis's First Set of Requests For Production Of Documents. *See* Fed. R. Civ. P. 34(b). His written response must state a response to each of the ten requests. For each of the ten requests, he should state whether (a) he does not have any documents responsive to the request, (b) the documents responsive to the request are included in the May 12, 2014 filing (Docket # 142), (c) the documents responsive to the request are attached to his response, and/or (d) the documents

**United States District Court**
For the Northern District of California

1  responsive to the request were produced to him by Defendants and have a sequential number on the

2  lower-right hand corner.

3      Mr. Toscano is now informed that Federal Rule of Civil Procedure 37(b) allows for a variety

4  of sanctions for a party who disobeys a discovery order.

5      (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing
        agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to

6      provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court
        where the action is pending may issue further just orders. They may include the following:

7          (i) directing that the matters embraced in the order or other designated facts be taken
            as established for purposes of the action, as the prevailing party claims;

8          (ii) prohibiting the disobedient party from supporting or opposing designated claims
            or defenses, or from introducing designated matters in evidence;

9          (iii) striking pleadings in whole or in part;
            (iv) staying further proceedings until the order is obeyed;

10         (v) dismissing the action or proceeding in whole or in part;
            (vi) rendering a default judgment against the disobedient party; or

11         (vii) treating as contempt of court the failure to obey any order except an order to
            submit to a physical or mental examination.

12                              *   *   *

13     (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order

14     the disobedient party, the attorney advising that party, or both to pay the reasonable
        expenses, including attorney's fees, caused by the failure, unless the failure was substantially

15     justified or other circumstances make an award of expenses unjust.

16 Fed. R. Civ. Proc. 37(b).  This order is a discovery order as to which Rule 37 applies.  Failure to

17 comply with this order could result in any of the above listed sanctions, and/or sanctions as wide-

18 ranging as the following:  dismissal of any claim related to the altercation with inmate Ramirez, or a

19 finding that no inmate "gave [him] the whole run-down" of Mr. Toscano's altercation with inmate

20 Ramirez, or an order prohibiting him from presenting evidence or relying on evidence that is

21 responsive to Defendants' request for production of documents and that he has not produced.

22      2.   Mr. Toscano's Discovery Motions

23      Mr. Toscano sent to Defendants a document production request addressed to the Defendants

24 as a group, and sought production of 60+ categories of documents.  Defendants produced over 400

25 pages of documents to him, sent to Mr. Toscano a response from Defendant warden Lewis, and sent

26 to Mr. Toscano a declaration from Mr. Soderland regarding materials claimed to be privileged.

27 *See* Docket # 142 at 61 (Mr. Toscano's May 12, 2014 declaration "countering J. Soderlund's

28 privilege information motion").

4

**United States District Court**
For the Northern District of California

Mr. Toscano has filed numerous motions for an order compelling discovery and to compel Defendants to produce documents.  Docket #s 152, 161, 169, 171, 173 and 178.  Those several motions fail to show that he is entitled to an order compelling discovery.

Mr. Toscano's motions to compel do not specify any particular response among the 60+ categories requested that is deficient, and do not explain why any particular response is deficient. He also does not provide a copy of Defendants' written response on which his motion is based.  He also does not provide a copy of the privilege declaration that was provided to him.  Without knowing what Defendants' discovery response was, the Court cannot determine that it was insufficient.  Moreover, there are so many versions of Mr. Toscano's request for production of documents in the record that the Court is not even quite sure which of the several versions of the request for production of documents is the one to which Defendants sent a response.  *See, e.g.,* Docket # 36 (motion for order to produce documents has 63 requests and is dated May 16, 2013); Docket # 102 (motion for order to produce documents has 63 request and is dated October 13, 2013); Docket # 116 (motion for order to produce documents without any date); Docket # 118 (motion for order to produce dated April 3, 2014); Docket # 130 (motion for order to produce documents has 63 requests and is dated April 3, 2014); Docket # 138 ("request for all documents requested and now #64, # 65, # 66" and is dated April 30, 2014); Docket # 156 (request has 66 requests and is dated June 6, 2014); Docket # 169-3 at 61 (request marked "revised," includes 66 requests and is dated June 27, 2014); Docket # 172 at 4 (request marked "revised" and is dated July 18, 2014); Docket # 173 at 3 marked "3d revision," has 67 requests and is dated August 8, 2014). There is not an adequate record on which the Court can compel any further discovery from Defendants.

Second, Mr. Toscano did not make a good faith effort to meet and confer to attempt to resolve the discovery disputes.  The Court has repeatedly informed and warned Mr. Toscano that he had to make a good faith effort to meet and confer to resolve any discovery disputes, including most recently noting that sanctions could be imposed on a party who disobeys Court orders, files frivolous documents, and/or fails to cooperate in discovery.  *See* Docket # 51 at 4; Docket # 119 at 3 and 7-8; and Docket # 159 at 5-6.  In the most recent order, Docket # 159, the Court directed defense counsel

**United States District Court**
For the Northern District of California

1   to call Mr. Toscano to again attempt to meet and confer about a defense request for discovery.

2   During that telephone call, defense counsel also tried to discuss Mr. Toscano's discovery requests,

3   and was unable to make any headway in resolving the dispute because Mr. Toscano refused to

4   specify which particular response he thought were inadequate.  *See* Docket # 170.  Although he did

5   not identify any particular response that was inadequate, Mr. Toscano demanded that each of the 26

6   Defendants provide a separate response to his request that had been directed to all Defendants to all

7   of them.  Defense counsel declined to provide 25 separate responses in addition to the one from the

8   lead defendant.  She explained to Mr. Toscano that the responses would be identical because, as

9   counsel for all the Defendants she was obligated to provide all responsive, non-privileged

10  documents in any Defendant's possession, custody or control when responding to document requests

11  for any Defendant.  *See* Docket # 170 at 5.  In light of the fact that the materials Mr. Toscano

12  requested were materials from his prison file and about prison policies in general rather than

13  different materials from different defendants, and in light of the fact that a defendant does not need

14  to verify a response to a request for production of documents, *see* Fed. R. Civ. Proc. 26(g), it was not

15  necessary for Defendants to provide 26 identical responses (with only different Defendant names

16  being listed) to Mr. Toscano's single group request for production of documents.

17          Mr. Toscano's motions for an order compelling discovery and to compel Defendants to

18  produce requested documents are **DENIED**.  Docket #s 152, 161, 169, 171, 173 and 178.

19          In the last order (Docket # 159), the Court set a discovery cut-off of August 1, 2014, and a

20  discovery motion cut-off of August 11, 2014.  Those deadlines have now passed.  Accordingly, the

21  discovery phase of this case has concluded, except that Mr. Toscano must comply with this order to

22  serve on defense counsel a written response to Defendant Lewis's First Set of Requests For

23  Production Of Documents.

24  C.      Documents To Be Produced For *In Camera* Review

25          In order for the Court to better understand the claims and defenses in this action, Defendants

26  must file a copy of the following:  (a) the complete incident report for the June 27, 2011 incident

27  involving Toscano; (b) any report or document – *e.g.*, CDC-115, CDC-114 or administrative

28  segregation notice, or counselling chrono – put in inmate Ramirez's central file for the June 27,

**United States District Court**
For the Northern District of California

1    2011 incident involving Toscano; and (c) any videotape relating to the incident on June 27, 2011.

2    Defendants may file part or all of the documents under seal, provided they satisfy the requirements

3    of Northern District Local Rule 79-5. If Defendants contend that Mr. Toscano should not be

4    permitted to see any part of the documentation, they must explain why he cannot see each such part.

5    As to any document not filed under seal, Defendants should serve on Mr. Toscano a copy of the

6    document. As to any document filed under seal, Defendants should serve on Mr. Toscano a notice

7    of the document that was filed under seal.

8    D.      Dispositive Motions

9           Defendants' motion to file a brief in support of their dispositive motion in excess of the 25-

10   page limit stated in Northern District of California Local Rule 7-2 is **GRANTED**. Docket # 175.

11   Defendants' brief in support of their dispositive motion may not exceed 40 pages in length. Mr.

12   Toscano's brief in opposition to the dispositive motion may not exceed 40 pages in length.

13   Defendants' reply brief may not exceed 18 pages in length. The page limits on the briefs do not

14   include the items of evidence (such as declarations and exhibits) that are submitted with the briefs;

15   however, declarations or other "exhibits" that contain legal arguments are considered part of the

16   briefs for purposes of the page limits.

17          The Court now sets the following briefing schedule for dispositive motions:

18          1.      No later than **October 3, 2014**, Defendants must file and serve a motion for

19   summary judgment or other dispositive motion.

20          2.      Plaintiff's opposition to the summary judgment or other dispositive motion

21   must be filed with the Court and served upon Defendants' counsel no later than **October 31, 2014**.

22          3.      Defendants' reply, if any, must be filed no later than **November 14, 2014.**

23

24          IT IS SO ORDERED.

25

26   Dated: September 16, 2014

27                                              _____
                                                EDWARD M. CHEN
                                                United States District Judge

28