UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN K. TOSCANO,        No. C-12-5893 EMC (pr)

    Plaintiff,

    v.        **ORDER**

G. LEWIS; *et al.*,

    Defendants.

_____/

A.    <u>Recusal Request</u>

    Benjamin Toscano has requested that the undersigned "remove himself from the case." Docket # 269. He asserts that the undersigned is biased, refuses to impose sanctions on his opponent and refuses to grant injunctions in favor of plaintiff. According to Mr. Toscano, the undersigned's adverse rulings are "because he is apart of CDC's ongoing campaign of harassment/retaliations and threats and murder plaintiff." Docket # 269 at 1 (errors in source).

    Recusal is the process by which a federal judge may be disqualified from a given case. Motions to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." Section 455 also provides grounds for disqualification, and requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is

imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976).

Mr. Toscano's recusal request does not meet the legal sufficiency requirement of § 144 because the allegations of bias are conclusory and do not allege an extrajudicial basis for the alleged bias or prejudice. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). For similar reasons, the motion is insufficient to show bias under either § 455. Mr. Toscano is alleging bias based on the undersigned's issuance of orders in this action. It is well-established that actions taken by a judge during the normal course of the proceedings are not proper grounds for disqualification. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (judge properly denied motion for disqualification based on his prior service as prosecutor and his actions during the proceedings because neither ground required recusal); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal). Mr. Toscano's request for the undersigned to recuse himself is **DENIED**. Docket # 269.

B.    Other Motions

Mr. Toscano's sixth motion for an injunction/restraining order is **DENIED**. Docket # 266. The Court has repeatedly explained to Plaintiff that it would not issue an injunction pertaining to prison conditions at Corcoran or other prisons in different districts. *See* Docket # 19 at 14-15; Docket # 51 at 3; Docket # 159 at 4-5; Docket # 239 at 2; Docket # 265 at 2. Plaintiff is cautioned that any future requests in this action for an injunction or restraining order pertaining to conditions at Corcoran State Prison are quite likely to result in sanctions under Federal Rule of Civil Procedure 11. If Plaintiff wants to complain about conditions of confinement at the Corcoran State Prison, he may file a new action. The proper venue for such an action is the Eastern District of California.

Mr. Toscano has filed a "motion to alter/amend judgment and reconsider claims." No judgment has been entered in this action. To seek reconsideration of an interlocutory order, a party

must obtain leave of court to file a motion for reconsideration, and show: (1) that at the time of the motion for leave to file a motion for reconsideration, a material difference in fact or law exists from that which was presented to the court before entry of the order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court before such interlocutory order. *See* N.D. Cal. Civil L.R. 7-9(b). Mr. Toscano did not show any of those things. The "motion to alter/amend judgment and reconsider claims" is **DENIED**. Docket # 272.

IT IS SO ORDERED.

Dated: September 4, 2015

_____
EDWARD M. CHEN
United States District Judge