UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>    Plaintiff,<br><br>    v.<br><br>G. D. LEWIS, et al.,<br><br>    Defendants. | Case No. 12-cv-05893-EMC<br><br>**ORDER**<br><br>Docket Nos. 282, 283, 284, 285, 286, 288 |

On August 19, 2015, the Court granted in part and denied in part Defendants' motion for summary judgment and referred this action to Magistrate Judge Vadas for mediation proceedings pursuant to the *Pro Se* Prisoner Mediation Program.  (Although actions are referred to the *Pro Se* Prisoner Mediation Program, Magistrate Judge Vadas can and often does utilize the related procedure of a settlement conference instead of a mediation proceeding in the action.)  Magistrate Judge Vadas has set this action for a settlement conference on November 19, 2015, and a telephonic status conference for November 10, 2015.  *See* Docket No. 279.  Magistrate Judge Vadas denied Mr. Toscano's request for an order to CDCR officials to escort him to the conference because the conference was going to be done by videoconference and that did not require Mr. Toscano being brought to the courthouse.  Docket # 280.

Mr. Toscano then filed five motions for his "case to go to trial."  Docket Nos. 282, 283, 284, 285, and 288.  In the first motion, Mr. Toscano stated that he wanted to proceed directly to a trial because he did not want to settle, and because prison officials "have an ongoing issue with escorting [him] to [his] appointments and since the court is not going to issue an order to escort [him] to this mediation conference."  Docket # 282.  In his second motion, he asserted that, by denying summary judgment on the excessive force claim, the court determined that his case had to

go to a jury and that he has no intention of settling the case because he wants his case to be presented to a jury. *See* Docket No. 283. In the third motion, filed just eight days after the first motion, Mr. Toscano asserted: "I'm going to file a motion for trial *everyday* until the judge files and *rule* on my motion for trial. I don't want a settlement. I want a jury to hear my case." Docket No. 284 (errors in source). Mr. Toscano's fourth motion repeated his position that he did not want to settle and only wanted a jury trial. Docket # 285. Mr. Toscano also filed a proposed "order for judge to be removed from case," seeking the removal of Magistrate Judge Vadas, who Mr. Toscano thought was setting him up for failure by refusing to order prison officials to escort him to the settlement conference. Docket No. 285.

Mr. Toscano's motions present two different concerns. First, the repetitious filing of the same motion needlessly wastes judicial resources and therefore may subject the movant to sanctions under Federal Rule of Civil Procedure 11. By presenting a motion to the court, "an attorney or an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). A party may be sanctioned for violating Rule 11(b), with the sanction being limited to that which suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c). Mr. Toscano may be sanctioned under Rule 11 if he persists in filing repetitious motions. The sanctions that may be imposed for this wasteful pattern include an order imposing a monetary sanction and/or an order restricting Mr. Toscano to filing one motion per month.

Second, Mr. Toscano's apparent plan to thwart any effort to settle this case may result in sanctions of a different sort. In denying summary judgment on the excessive force claim, the Court wrote that there were triable issues of fact, but that did not mean that the parties were excused from trying to settle the action. The Court made very clear in that order that the case had to proceed to mediation (or settlement, as selected by Magistrate Judge Vadas). *See* Docket No. 270 at 47 ("Lest there be any doubt as to the importance and mandatory nature of the mediation proceedings, the parties are hereby ordered to attend the mediation proceedings and take part in

them.  Mr. Toscano is now cautioned that failure to attend or take part in the mediation proceedings will result in the dismissal of this action.")  When the Court has issued a pretrial order for the parties "to appear for one or more pretrial conferences for such purposes as . . . facilitating settlement," Fed. R. Civ. P. 16(a)(5), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:  (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate -- or does not participate in good faith -- in the conference; or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1).  The sanctions authorized under Rule 37(b)(2)(A) include: prohibiting the disobedient party from supporting his claims, striking pleadings, staying further proceedings until the order is obeyed, and dismissing the action in whole or in part.  Federal Rule of Civil Procedure 41(b) also authorizes dismissal if Mr. Toscano "fails to prosecute or to comply with these rules or a court order."

Mr. Toscano is now ordered to attend and participate in the settlement conference proceedings.[1]  Mr. Toscano does not have to reach a settlement or other resolution of his claims, but he absolutely must attend and participate in all the settlement conference proceedings.  It is no excuse for non-attendance that Mr. Toscano has not been issued his property at his new prison, or has any other complaint about the conditions of confinement.  If Mr. Toscano fails to attend any or all of the settlement conference proceedings, or fails to participate in good faith, he may be subject to sanctions, including dismissal, under Federal Rules of Civil Procedure 16(f) or 41(b).

With regard to Mr. Toscano's argument that he is being denied his jury trial rights, Mr. Toscano misunderstands what is required of him.  Mr. Toscano is not being ordered to settle this action; he is only being ordered to attend and participate in the settlement conference proceedings. Many litigants do not want to attend settlement conferences or other alternative dispute resolution proceedings, but the path to trial requires that they first attempt to settle or otherwise resolve their

---

[1] Due to Magistrate Judge Vadas' order that the proceedings will be held via videoconference, the requirement that Plaintiff attend means that Plaintiff needs to show up at the place prison officials have set up for the videoconference; Plaintiff does not need to physically travel to the courthouse. If prison officials refuse to let him attend the videoconference, he can file a motion then, but cannot complain in advance that they will not do so.  If Plaintiff refuses to be escorted to the settlement conference proceedings, defense counsel should consider having such refusal videotaped.

3

differences. Although a party may be convinced of the correctness of his position, sometimes he can learn things in settlement that indicate a compromise is a better approach. Not only might a party learn of the weaknesses in his case that he has not considered, he also might learn about the procedural problems he faces at trial and potential costs. For example, Mr. Toscano may think he has nothing to lose by going to trial, but that is not correct. Mr. Toscano must pay witness fees for every witness he subpoenas for trial. If Defendants prevail at trial, Defendants may be entitled to an award of costs. *See* Fed. R. Civ. P. 54(d). Also, under certain circumstances, a prevailing defendant in a civil rights action can recover attorneys' fees, which are usually significantly larger than costs. *See* 42 U.S.C. § 1988(b); *Fox v. Vice*, 131 S. Ct. 2205, 2215 (2011) (when civil rights action includes both frivolous and non-frivolous claims, a prevailing defendant may "receive only the portion of his fees that he would not have paid but for the frivolous claim").

Mr. Toscano's motions "for case to go to trial" are **DENIED**. Docket Nos. 282, 283, 284, 285, and 288. Mr. Toscano's request for an order for Magistrate Judge Vadas to be removed from the case is **DENIED**. Docket No. 285.

**IT IS SO ORDERED**.

Dated: November 4, 2015

_____
EDWARD M. CHEN
United States District Judge

4