UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. D. LEWIS, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-05893-EMC<br><br>**ORDER TO SHOW CAUSE REGARDING SANCTIONS** |

On August 19, 2015, the Court granted in part and denied in part Defendants' motion for summary judgment and referred this action to Magistrate Judge Vadas for mediation proceedings pursuant to the *Pro Se* Prisoner Mediation Program. (Although actions are referred to the *Pro Se* Prisoner Mediation Program, Magistrate Judge Vadas can and often does utilize the related procedure of a settlement conference instead of a mediation proceeding in the action.) The order made very clear that the case had to proceed to mediation (or settlement, as selected by Magistrate Judge Vadas), and ordered the parties to attend and take part in the proceedings. *See* Docket No. 270 at 47. Mr. Toscano thereafter filed several motions indicating that he had no intention of settling or taking in part in any meaningful settlement proceedings. The Court issued another order, again explaining that Mr. Toscano had to attend and participate in good faith in the settlement conference proceedings and warning him that he could be sanctioned under Federal Rules of Civil Procedure 16(f) and 37(b)(2) for failing to appear at the settlement conference, as well as Federal Rule of Civil Procedure 41(b) for failing to comply with the Federal Rules of Civil procedure or a court order. Docket No. 289 at 2-3. Magistrate Judge Vadas attempted to hold a video settlement conference on November 19, 2015. Mr. Toscano "appeared, but refused to participate in settlement negotiations." *Id.* Magistrate Judge Vadas thus "was unable to conduct a

settlement conference" and returned the case to the undersigned. Docket No. 293.

When the Court has issued a pretrial order for the parties "to appear for one or more pretrial conferences for such purposes as . . . facilitating settlement," Fed. R. Civ. P. 16(a)(5), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate -- or does not participate in good faith -- in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). The sanctions authorized under Rule 37(b)(2)(A) include: prohibiting the disobedient party from supporting his claims, striking pleadings, staying further proceedings until the order is obeyed, and dismissing the action in whole or in part. Federal Rule of Civil Procedure 41(b) also authorizes dismissal if a party "fails to prosecute or to comply with these rules or a court order."

It is now time to address Mr. Toscano's disregard of the Rules and the Court's orders. "A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987); *see, e.g., id.* at 133 (upholding dismissal for plaintiff's counsel's willful and groundless failure to comply with court order); *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (applying these factors and upholding dismissal as a discovery sanction). Before imposing sanctions on its own initiative or for violating pretrial orders, the district court must provide notice and an opportunity to be heard. *See Ford v. Alfaro*, 785 F.2d 835 (9th Cir. 1986); *see also Ayers v. City of Richmond*, 895 F.2d 1267 (9th Cir. 1990). Accordingly,

TO PLAINTIFF, BENJAMIN TOSCANO:

YOU ARE HEREBY ORDERED TO SHOW CAUSE why this action should not be dismissed or other sanctions imposed pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A) for your failure to attend and participate in good faith in the November 19, 2015 settlement conference ordered by the Court.

YOU ARE FURTHER ORDERED TO SHOW CAUSE why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to comply with the following orders: (1) the order to "attend the mediation proceedings and take part in them" on page 47 of the Order Granting In Part And Denying In Part Defendants' Motion For Summary Judgment (Docket No. 270); (2) the Order filed November 4, 2015 (Docket No. 289); and (3) the Order Setting Video Settlement Conference, Setting Status Conference, And Requiring Meet And Confer (Docket No. 279) signed by Magistrate Judge Vadas.

YOUR RESPONSE TO THIS ORDER TO SHOW CAUSE must be in writing and must be filed and served no later than **January 8, 2016**. The response may not exceed twenty pages and may present whatever relevant evidence and legal authorities you wish to present. If you wish to provide your own declaration to present facts, you may file only one declaration and that declaration must be made under penalty of perjury. You also must provide to the Court no later than **January 8, 2016** a copy of your inmate trust account statement to that the Court may consider whether a monetary sanction is appropriate in addition to or instead of other sanctions.

Defendants are welcome to file a statement regarding any prejudice they suffered as a result of Plaintiff's conduct. Any such legal memorandum and declaration must be filed and served no later than **January 8, 2016**.

Plaintiff's repetitious motion for immediate injunction and removal of judge from case (Docket No. 287) is **DENIED** for the reasons stated in the Order at Docket No. 273.

**IT IS SO ORDERED**.

Dated: December 9, 2015

_____
EDWARD M. CHEN
United States District Judge