UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN K. TOSCANO,

    Plaintiff,

v.

G. D. LEWIS, et al.,

    Defendants.

Case No. 12-cv-05893-EMC

**ORDER**

Docket No. 323

Plaintiff has filed a motion for an injunction compelling prison officials to return or replace his property. Docket No. 323. He states that on December 30, 2016, two non-defendant correctional officials "broke [his] TV and confiscated it along with other property items" and his legal documents for this case. *Id.* at 1. Plaintiff asserts that Defendants and defense counsel "ordered PBSP officials to confiscate [his] legal documents . . . as retaliation and so [he] will not be prepared for trial." *Id.* Plaintiff does not explain the basis for his speculation that Defendants or defense counsel had anything to do with the incident.

Plaintiff's request for an injunction compelling the return of his television and other personal property by the non-defendants is **DENIED**. Docket No. 323. That requested relief is outside the scope of this action. As the Court earlier informed Plaintiff, the Court will not grant injunctive relief for matters outside the scope of this action. *See* Docket No. 265 at 2.

Plaintiff's request for the return of his legal property pertaining to the remaining claims in this action is **DENIED** as premature and incomplete. Docket No. 323. Absent unusual and compelling circumstances not shown to be present here, federal courts generally are discouraged from interfering with day-to-day prison administration decisions. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Plaintiff filed his motion just four days after his legal materials allegedly were

confiscated. Before he seeks intervention in prison operations, Plaintiff needs to use the prison administrative appeals process to try to obtain the return of the legal materials. If the materials have not yet been returned to him, Plaintiff should pursue diligently a prison administrative appeal to seek the return of that legal property and seek Court intervention only if that fails. Further, Plaintiff needs to provide some evidence, rather than just unsubstantiated speculation, that Defendants and defense counsel ordered the confiscation to retaliate and thwart his efforts in this action, if he seeks court intervention on that basis. Because it may take time for his inmate appeal to be processed, and to avoid consuming judicial resource with another premature motion, Plaintiff may not file a new motion until thirty days after the date this order is filed. The Court recognizes Plaintiff has a trial date in this matter and expects prison authorities will act on his appeals promptly. If Plaintiff files a new motion, he must include with it a copy of his inmate appeal and any response(s) thereto.

Although Defendants earlier filed a waiver of reply, as allowed by 42 U.S.C. § 1997e(g), an answer will now be required due to the fact that this case has been set for trial. Within **thirty (30) days** of the date of this order, the two remaining Defendants must file an answer, responding to the allegations against them in the first amended complaint (Docket No. 20) and asserting any affirmative defenses they have. *See* Fed. R. Civ. P. 8(b), (c).

**IT IS SO ORDERED**.

Dated: January 18, 2017

_____
EDWARD M. CHEN
United States District Judge