UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>    Plaintiff,<br><br>    v.<br><br>G. D. LEWIS, et al.,<br><br>    Defendants. | Case No. 12-cv-05893-EMC<br><br>**ORDER**<br><br>Docket Nos. 331, 332 |

On January 30, 2017, the Court appointed counsel to represent Plaintiff in pretrial proceedings and at trial. Thereafter, Plaintiff filed a *pro se* motion for a copy of the memorandum sent to the Federal Pro Bono Project – his seventh such motion – and a *pro se* motion for clarification of a deadline for experts. Plaintiff's *pro se* motions are **DENIED**. (Docket Nos. 331 and 332.) Now that Plaintiff is represented by counsel, the Court will not entertain *pro se* filings from him. When a litigant is represented by an attorney, the Court will not accept motions and requests from the litigant himself (other than a request to discharge the attorney who is representing him). *See generally United States v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015) (district court acted within its discretion in declining to grant request made *pro se* by a litigant who was then represented by counsel); *McCullough v. Graber*, 726 F.3d 1057, 1059 n.1 (9th Cir. 2013) (declining to consider *pro se* letters from habeas petitioner because he was represented by

///
///
///
///
///

1  counsel); *Rosenblum v. Campbell*, 370 F. App'x 782 (9th Cir. 2010) (denying petitioner's motion
2  for leave to file a *pro se* supplemental brief; "[b]ecause [petitioner] is represented by counsel, only
3  counsel may submit filings.")  Plaintiff may not file any more *pro se* motions as long as he is
4  represented by counsel.

6  **IT IS SO ORDERED**.

8  Dated: February 21, 2017

_____
EDWARD M. CHEN
United States District Judge